

CARL E. ROSTAD
RYAN G. WELDON
Assistant U.S. Attorneys
U.S. Attorney's Office
P.O. Box 3447
Great Falls, Montana 59403-3447
Direct Line:   (406) 771-2001
Phone:   (406) 761-7715
FAX:   (406) 453-9973
Email:   Carl.Rostad@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TONY JAMES BELCOURT,<br><br>Defendant. | CR 13-82-GF-BMM<br><br><br>**PLEA AGREEMENT**<br>**(Rule 11 (c)(1)(A),(B)** *Federal Rules of*<br>*Criminal Procedure)* |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, by Carl E. Rostad and Ryan G. Weldon, Assistant United States



1

Attorneys for the District of Montana, and the defendant, TONY JAMES
BELCOURT, and his attorney, Larry Jent, have agreed upon the following:

1.   **Scope**:   This plea agreement is between the United States Attorney's
Office for the District of Montana and defendant.   It does not bind any other federal,
state or local prosecuting, administrative or regulatory authority, or the United States
Probation Office.

2.   **Charges**:   Defendant agrees to plead guilty to Count VI of the
Indictment which charges the crime of Bribery Concerning Programs Receiving
Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(B).   The offense charged in
Count VI carries a maximum punishment of ten years imprisonment; a $250,000
fine; three years supervised release; and a $100 special assessment.   Restitution is
mandatory and will be fixed at sentencing unless the parties stipulate to an amount
prior to disposition. 18 U.S.C. 3663A(a)(1) and (c)(1)(a)(ii).

At the time of sentencing, if the plea agreement is accepted by the Court, the
United States will move to dismiss the defendant from the indictment in *United
States v. Tony James Belcourt, et al*, CR-13-99-GF-BMM, the indictment in *United
States v. Tony James Belcourt, et al*, CR-14-18-GF-BMM, and Counts I, II, and IV
of this Indictment.

3.   **Nature of the Agreement**:   The parties agree that this plea agreement
shall be filed and become a part of the record in this case, and will be governed by:

CER        TJB                Date

2

Rules 11(c)(1)(A) & (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States moves to dismiss, and the Court agrees to dismiss, Counts I, II, and IV of the Indictment, and the Court agrees to dismiss the defendant from the indictment in *United States v. Tony James Belcourt, et al*, CR-13-99-GF-BMM and the indictment in *United States v. Tony James Belcourt, et al*, CR-14-18-GF-BMM, does not pursue other charges against the defendant and makes the recommendation described in Paragraph 6 below. The defendant understands that if the agreement is accepted by the Court there will not be an automatic right to withdraw the plea.

**Interdependence of Plea Agreements**: The defendant acknowledges that the agreement he has reached with the United States in this cause is one part of a larger disposition of multiple cases by agreements reached in this case and in *United States v. Tony James Belcourt, et al*, CR 13-39-GF-BMM, charging conspiracy, theft from an Indian Tribal organization receiving federal funding, and bribery; *United States v. Tony James Belcourt, et al*, CR 13-98-GF-BMM, charging conspiracy, wire fraud, theft from Indian Tribal organization, theft from Indian Tribal organization receiving federal funding, and bribery; and *United States v. Tony James Belcourt, et al*, CR 14-17-GF-BMM, charging tax fraud/filing a fraudulent tax return. This agreement is conditioned upon all four agreements being accepted by the Court and concluded without the withdrawal from any of the agreements by the defendant.

CER   TJB   LJ   Date 3/25/14

3

The defendant understands, therefore, that if he withdraws from any of the four agreements, or the Court rejects this or either of the other three agreements, all four plea agreements will become null and void.

4.      **Admission of Guilt**:   The defendant will plead guilty because he is in fact guilty of the charge contained in Count VI of the Indictment.   In pleading guilty, the defendant acknowledges that:

**Bribery Concerning Programs Receiving Federal Funds**
**18 U.S.C. § 666(a)(1)(B), 2**

**First**, that during the time period described in the Superseding Indictment, Tony James Belcourt was an agent of an Indian tribal government, that is, the Chief Executive Officer and Contracting Officer for the Chippewa Cree Construction Corporation, a tribally chartered corporation of the Chippewa Cree Tribe;

**Second**, that the Chippewa Cree Tribe received in excess of $10,000 during any one year period under a Federal grant, contract, subsidy, loan guarantee, insurance, or other form of Federal assistance;

**Third**, that Tony James Belcourt corruptly accepted and agreed to accept a thing of value from any person with the intent to be influenced and rewarded in connection with any transaction and series of transactions of the Chippewa Cree Construction Corporation and the Chippewa Cree; and

CER     TJB     LJ      3/25/14
CER     TJB     LJ      Date

4

**Fourth,** That the transaction and series of transactions involved a thing of value of $5,000 or more.

5.    **Waiver of Rights by Plea**:

(a)    The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

(b)    The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)    The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial.   The government must also consent and the court must approve a non-jury trial.

(d)    The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(e)    If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.   The defendant and defense attorneys would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the

CER    TJB    LJ    Date 3/25/14

5

defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on the defendant's own behalf.   If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(h)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify.   Or the defendant could exercise the choice to testify on her own behalf.

(i)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the



CER     TJB     LJ     Date

6

Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(j)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, she is waiving all the rights set forth in this paragraph.   The defendant's attorney has explained these rights and the consequences of waiving these rights.

6.     **Recommendations**:   The United States agrees to recommend that the sentence imposed in this case run concurrently with the sentences imposed, or to be imposed, in *United States v. Tony James Belcourt*, CR 13-39-GF-BMM, *United States v. Tony James Belcourt*, CR 13-98-GF-BMM, and *United States v. Tony James Belcourt*, CR 14-17-GF-BMM, and any other case filed and resolved by plea prior to sentencing.

The parties agree to recommend to the Court and to the U.S. Probation Office that U.S.S.G. § 2C1.2, relating to gratuities, be used as the applicable advisory guideline provision.

CER   TJB   LQ   Date 3/25/14

7

The United States and the defendant are free to make any other sentencing recommendation they deem appropriate.

7.     **Effect of Early Decision**:   If the defendant otherwise qualifies for a two level adjustment for acceptance of responsibility, and if the defendant files this agreement or a Motion for Change of Plea Hearing by Friday, March 21, 2014, the United States will move the Court at the time of sentencing to award the defendant an additional point for acceptance of responsibility pursuant to USSG §3E1.1(b).

8.     **Sentencing Guidelines**:   Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

9.     **Appeal Waivers**:

A.     ***Substantial Assistance Motion Waiver***:   The defendant acknowledges that 18 U.S.C. §3742 affords him the right to appeal the sentence imposed in this case.   Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to USSG §5K1.1 to reward the defendant for any substantial assistance provided before sentencing.   If such a motion is made and the Court accepts the plea agreement, the defendant hereby waives all right to appeal any aspect of the sentence, including conditions of probation or supervised release, imposed by the Court.

CER     TJB     LJ     3/25/14
CER     TJB     LJ     Date

8

If a motion for downward departure is made under USSG § 5K1.1, the defendant also agrees to waive his right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255.   This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

      B.      **Alternative Waiver Provision—*If No Substantial Assistance Motion, Conditional Waiver***:   If no substantial assistance motion is made, the defendant agrees to a conditional waiver of appeal. The defendant acknowledges that 18 U.S.C. § 3742(a) affords him the right to appeal the sentence imposed in this case.   The prosecution has a comparable right of appeal provided in 18 U.S.C. §3742(b).   By this agreement the defendant waives his right to appeal the reasonableness of the sentence, including conditions of probation or supervised release, if the defendant has no objection to the calculation of the guidelines and the sentence imposed is within or below the range provided for by that calculation.   The United States waives its right to appeal the reasonableness of the sentence if it has no objection to the calculation of the guidelines and the sentence imposed is within or above the range provided for by that calculation.

The defendant also waives his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255.   This waiver does not prohibit his right to

CER    TJB    LJ    Date

pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

10. **Voluntary Plea**: The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

11. **Non Prosecution and Dismissal**: Upon acceptance of this agreement by the Court, the United States Attorney for Montana shall cause Counts I, II, and IV of the Indictment, and the indictment in *United States v. Tony James Belcourt, et al*, CR-13-99-GF-BMM, as against this defendant, and the indictment in *United States v. Tony James Belcourt, et al*, CR14-18-GF-BMM, as against this defendant.

12. **Detention/Release Pending Sentencing**: Provided the defendant has not previously violated the conditions of pretrial release, the United States will recommend continued release pending sentencing. 18 U.S.C. § 3143(a)(1) or (2).

13. **Entire Agreement**: Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the

CER    TJB    LJ    Date

10

parties.   Any term or condition which is not expressly stated as part of this plea
agreement is not to be considered part of the agreement.

MICHAEL W. COTTER
United States Attorney

CARL E. ROSTAD
Assistant U. S. Attorney

TONY JAMES BELCOURT
Defendant

LARRY JENT
Defense Counsel

CER    TJB    LJ    Date  3/25/14

11